UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK BLASSINGAME,

    Plaintiff,

vs.

GOVERNOR OF THE STATE
OF OHIO, et al,

    Defendants.

Case No. 1:21-cv-375

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against Ohio Governor Mike DeWine, Lt. Governor Jon Husted, Ohio Department of Job and Family Services Interim Director Matt Damschroder, and United States Department of Labor Secretary, Martin J. Walsh. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized

federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint asserts that the defendants harmed him, "by denying him a congressionally mandated benefit by deliberately ending federally assisted pandemic unemployment insurance programs." (Doc. 1 at 2). The relevant programs at issue are: H.R. 748: Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, H.R. 748, 116th Cong. (2020) (CARES Act); as amended by the American Rescue Plan Act of 2021, Pub. L. No. 117-2, H.R. 1319, 117th Cong. (ARPA). Plaintiff claims defendants, in terminating Ohio's participation in the federally assisted benefits program, discriminated against him and others in violation of 42 U.S.C.A. § 2000d and the Workforce Investment Act Of 1998, Pub. L. § 188, (1998) (WIA) (repealed). (Doc. 1 at 2). While plaintiff cites the WIA, it was repealed in 2014 by the Workforce Innovation and Opportunity Act (WIOA), which included a nearly identical nondiscrimination

provision. *See* 29 U.S.C.A. § 3248 (West). For relief, Plaintiff asks the court for declaratory judgement invalidating Governor Mike DeWine's order to end Ohio's participation in the extensions of the CARES Act's federally assisted unemployment provisions, as amended by ARPA, and declaratory judgment invalidating Governor Mike DeWine's presumed authority to end the state of Ohio's participation in the federally assisted aid package. (Doc. 1 at 3).

Further, plaintiff seeks injunctive relief from this court compelling Governor DeWine and the State of Ohio to continue providing unemployment benefits under ARPA. (Doc. 1 at 3–4). Plaintiff also seeks an injunction ordering Governor DeWine, Interim Director Damschroder, and Secretary of Labor of the United States Department of Labor, Martin J. Walsh, to pay the remaining benefits under the program to all eligible Ohioans, including himself. (Doc. 3–4). Plaintiff also requests injunctions compelling Governor DeWine to provide a "clearer and concise explanation" for why benefits were terminated and an injunction compelling Secretary Walsh to provide "clearer and concise explanation" for how he intends to issue further unemployment assistance. (Doc. 1 at 4).

Plaintiff's complaint is subject to dismissal. First, plaintiff's complaint fails to state a claim for which relief can be granted under 28 U.S.C. § 1915 (e)(2)(B). Under the language of the CARES Act, as amended by ARPA, none of the named defendants in Ohio is obligated by the statute to participate in the unemployment compensation program offered by the CARES Act, nor is Secretary Walsh bound to compel participation after proper notice is given by the State regarding the termination of their participation under the act. Under Sec. 2104 H.R. 748–38, "[a]ny state which is party to an agreement under this section may upon providing 30 days' written notice to the Secretary, terminate such

4

an agreement." The language of the statute indicates participation in the agreement is voluntary on behalf of the State and participation in the program is not mandated upon proper notice of termination of their agreement under the CARES Act.

Furthermore, courts have also held that there is no private right to action under the CARES Act, at least in relation to Title I of the Act. *Cf. Profiles, Inc. v. Bank of Am. Corp.*, 453 F. Supp. 3d 742, 748–52 (D. Md. 2020), *appeal dismissed* (deciding against plaintiffs who were challenging lenders adding eligibility requirements to Payroll Protection Program (PPP) loans on grounds there was no private right to action). Thus, because the CARES Act, as amended by the ARPA, allows states to terminate their agreement to provide federally assisted unemployment benefits and because there is no private right to action under the CARES Act, plaintiff's complaint should be dismissed.

With respect to Plaintiff's claims under 42 U.S.C. § 2000d or 29 U.S.C. § 3248, plaintiff has failed to allege any facts that would establish that a claim for relief against defendants. Under 42 U.S.C. § 2000d, only intentional discrimination is prohibited. *Alexander v. Sandoval* 532 U.S. 275, 280 (2001). Here, the discrimination alleged by plaintiff is based on the disparate impact of the decision to end participation in the federally assisted unemployment benefits. No facts are pleaded which show intentional discrimination by the State of Ohio in its decision to end participation in the program.

As to the defendant's named in the complaint who are Executive Officials of the State of Ohio: Governor Mike DeWine, Lt. Governor Jon Husted, and Ohio Department of Job and Family Services Interim Director, Matthew Damschroder. Any form of relief sought against a State in federal court is barred under the Eleventh Amendment, unless the State has waived sovereign immunity. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S.

44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984)("[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest'" (quoting *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464) (adjustment added). Here, the State of Ohio is the real party in interest and the State has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. Thus, plaintiff's complaint should be dismissed. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982).

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

       *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DERRICK BLASSINGAME

    Plaintiff,

vs.

GOVERNOR OF THE STATE
OF OHIO, et al,

    Defendants.

Case No. 1:21-cv-375

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).